UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RONALD GRANT,

                             Plaintiff,

       -against-

SUFFOLK COUNTY SHERIFF VINCENT
F. DEMARCO,

                           Defendant.
--------------------------------------------------------X
FEUERSTEIN, District Judge:

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC. 0 6 2011   ★

LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
11-CV-5460(SJF)(ARL)

I.      Introduction

On November 3, 2011, incarcerated pro se plaintiff Ronald Grant ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Suffolk County Sheriff Vincent F. DeMarco ("defendant"), along with an application to proceed in forma pauperis. [Docket Entry Nos. 1, 3]. Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. However, for the reasons that follow, the Complaint is sua sponte dismissed with leave to file an amended complaint within thirty (30) days as detailed below.

II.    The Complaint

Plaintiff, formerly an inmate at the Suffolk County Correctional Facility,[1] filed a brief, handwritten complaint on the Court's civil rights complaint form.  Plaintiff alleges:

> (1) Refusal to issue grievance to file complaint about
> unsafe and unsanitary living conditions; (2) Rusty water in
> sinks and showers; (3) Rats and spiders crawling all over;
> (4) Its freezing, No heat; (5) Backed up toilets and shower
> drains; (6) leaking water from roof, AC unit and by T.V.
> area from floor; (7) Small portions of food, poor quality, to
> much tomato sauce meals, No regular cooked hot breakfast,
> cold dinners, not enough variety of meals; (8) County shoes
> hurt feet; (9) Mattress to thin and no pillows; (10) Black
> mold all over AC unit caused by dampness and constant
> years of moisture from leaky roof and condensation; (11)
> Delay of mail for weeks or never recieving mail; (12)
> Exposure to rusty lockers.

Complaint at ¶ IV (All spelling and grammatical errors appear in original complaint and are included here without notation).  Plaintiff has left blank the section of the complaint form that calls for a description of any claimed injuries, any required medical treatment, and whether such medical treatment was received.  Id. at ¶ IV.A.  Notwithstanding the fact that Plaintiff does not allege any injury, he seeks five hundred million dollars ($500,000,000.00) in monetary damages.  Id. at ¶ V.  Further, Plaintiff requests the following injunctive relief:

> (1) Removal of black mold; (2) change rusty pipes, install
> filters in shower faucet and purifiers in sink faucet; (3) Fix
> toilets and shower drains (4) Allow us to wear personal
> sneakers and order new pairs; (5) Fix heat and allow us 2
> extra blankets until heat is properly regulated; (6) Overhall
> of menu for better quality and variety and increase portion.

---

[1]  On November 28, 2011, Plaintiff notified the Court that he has been moved temporarily to Nassau County Correctional Facility.  [Docket Entry No. 5].

2

Thicker mattress and pillows.  (7) Open back P.O. Box 69
so we can receive our mail directly.

Id. (All spelling and grammatical errors appear in original complaint and are included here

without notation).  Annexed to Plaintiff's complaint is a four (4)-page handwritten letter

addressed to the "Commission of Corrections/State Inspectors," signed by eighteen (18) inmates

including Plaintiff.  The letter generally lists the grievances of the signatories, which are largely

repetitive of the allegations in the complaint.   Plaintiff has also submitted a handwritten letter

together with what Plaintiff describes as a sample of the rust referenced in his Complaint.

III.     Discussion

A.      In Forma Pauperis Application

Upon review of the Plaintiff's application, the Court finds that Plaintiff's financial status

qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. §

1915(a)(1).  Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

B.     28 U.S.C. § 1915

Pursuant to Section 1915 of Title 28, a district court must dismiss an in forma pauperis

complaint upon determining that the action is "(1) frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); see Abbas v. Dixon, 480

F.3d 636, 639 (2d Cir. 2007).

3

Courts are required to liberally construe pleadings drafted by a pro se plaintiff. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir.2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).  However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953, 173 L. Ed.2d (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted).  While "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).


C.     Section 1983

4

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (2000). For a plaintiff to state a Section 1983 claim, the complaint must allege

that the challenged conduct was "committed by a person acting under color of state law," and

that the conduct "deprived [a plaintiff] of rights, privileges, or immunities secured by the

Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)

cert. denied sub nom Cornejo v. Monn, __U.S.__, 131 S. Ct. 158, 178 L. Ed.2d 243 (2010)

(quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no

substantive rights; it provides only a procedure for redress for the deprivation of rights

established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).


### 1.    Claims Against Suffolk County Sheriff Vincent DeMarco

In order to state a claim for relief under Section 1983 against an individual defendant, a

plaintiff must allege the personal involvement of the defendant in the alleged constitutional

deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in

Ashcroft v. Iqbal, 129 S.Ct. at 1948, that "[b]ecause vicarious liability is inapplicable to . . .

[section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a

Section 1983 claim against a supervisory official in his individual capacity must sufficiently

plead that the supervisor was personally involved in the constitutional deprivation. Rivera v.

5

Fischer, 655 F. Supp.2d 235, 237 (W.D.N.Y. 2009).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.  See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Johnson v. Barney, 360 Fed. Appx. 199 (2d Cir. Jan. 12, 2010).

Here, Plaintiff has not alleged the direct participation of DeMarco in any of the wrongdoing alleged in the complaint or any basis upon which to find him liable in a supervisory capacity.  Accordingly, Plaintiff's claims against DeMarco are dismissed in their entirety with prejudice **unless plaintiff files an amended complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon him.**

2.    Challenge to the Conditions of Confinement

Reading Plaintiff's complaint liberally, it appears that plaintiff seeks to allege a deliberate indifference claim challenging the conditions of his confinement at the Suffolk County Correctional Facility.  Plaintiff does not cite to a particular section of the Constitution that he claims has been violated, nor does he allege whether he has been convicted of any criminal charges.  Although the Eighth Amendment does not technically apply to a pretrial detainee in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted prisoner.  Caiozzo v. Koreman, 581 F.3d 63, 70-72 (2d Cir. 2009); see also Phipps v. DeMarco, No. 11-CV-3717(JS)(ARL), 2011 WL 3667755 (E.D.N.Y. Aug. 19, 2011).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. Const. Amend. VIII, and the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666–67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "does not mandate comfortable prisons," it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim, if such conditions result "'in unquestioned and serious deprivations of basic human needs'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, a plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991).

Here, although plaintiff complains generally about the conditions at the Suffolk County Correctional Facility, the allegations do not rise to the level of serious deprivation of human need, see Anderson, 757 F.2d at 35, and plaintiff does not allege any personal injuries resulting therefrom. Compl. at ¶ IV.A. Even if the Court were to liberally construe the allegations in the complaint as rising to the level of a serious deprivation of human need, plaintiff has failed to allege that any of these conditions were imposed with the requisite deliberate indifference. Accordingly, the complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, it is dismissed pursuant to 28 U.S.C. § 1915A (b)(1).

7

However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), plaintiff is granted leave to amend his complaint. Plaintiff is warned that the complaint will be dismissed with prejudice unless he files an amended complaint **within thirty (30) days of the date that this Order is served upon him.**

D.     Discovery Materials Are Not To Be Filed With The Court

As noted above, plaintiff has enclosed a sample of rust that he claims was taken from the locker in his cell.  The Court has discarded the sample and plaintiff is advised that discovery is not to be filed with the Court.  Plaintiff is directed not to send any further samples to the Court.

IV.     Conclusion

For the foregoing reasons, it is hereby:

**ORDERED** that plaintiff's application to proceed in forma pauperis is granted; and it is further,

**ORDERED** that plaintiff's claims against DeMarco are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim **unless the plaintiff files an Amended Complaint alleging the personal involvement of DeMarco in the alleged constitutional deprivations within thirty (30) days from the date this Order is served upon him**, and it is further,

8

**ORDERED** that plaintiff's deliberate indifference claims are <u>sua</u> <u>sponte</u> dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A, for failure to state a claim **unless the plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days from the date this Order is served upon him**.

**IT IS FURTHER ORDERED** that plaintiff refrain from sending any additional samples to the Court at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated:      December 6, 2011
            Central Islip, New York

9